No. 54

RICHMOND et (Lorain Co. Comm.) v. FARMER, etc.

No. 20168. Supreme Court

On motion to certify. Dock. Nov. 15, 1926, 4 Abs. 774.

323. COUNTY COMMISSIONERS—1. Do county commissioners owe duty to injured person who fell over bank off the main road, to erect guard rails?

2. Must it be alleged the road was a county road?

Adelaide Farmer, by George Parker, her next friend, brought an action in the Lorain Common Pleas against the county commissioners to recover damages for injuries sustained by the said Farmer.

It seems that Farmer was riding in a machine with other people, who were on a road known as Kolbe Road, all of said road lying within Lorain county. The machine stopped at a point in the road where there was a bank 35 feet high, and Farmer and another girl got out of the car, ran across the road and fell down this bank, by reason of which she was injured.

The Common Pleas court sustained the commissioner's motion for a directed verdict and judgment was entered thereon. The Court of Appeals in error proceedings, reversed the judgment and the case was taken to the Supreme Court on a motion to certify.

The several questions raised for consideration are based upon this interpretation of 2563 GC. which provides in part, that the "board of county commissioners shall erect - - - - one or more guard rails on each end of a county bridge, viaduct or culvert more than five feet high; - - - - shall erect - - - - guard rails on each side of every approach - - - - to a culvert if more than six feet high. They shall also protect with guard rails, all perpendicular wash banks more than 8 feet in height where such banks have an immediate connection with a public highway or are adjacent thereto, - - - etc".

It is contended that no evidence was introduced in the trial court that Kolbe Road was a county road, and that failure to set out facts made necessary by 7464 -(b) GC. and that unless the road is held to be a county road, the commissioners are not liable.

It is further contended that the bank over which Farmer fell was not a wash bank, and was not perpendicular within the terms of 7563 GC. and as set forth in 98 OS. 263.

The commissioners claim that they owe Farmer no duty to erect guard rails at the point in question and their failure to erect such rails in no way contributed to her injury.

Attorneys—F. M. Stevens and C. J. Maple for Comm; Baird & Vandermark and Howard R. Booth for Farmer; all of Elyria.

---

## Weekly Report of NEW CASES DOCKETED

### NEW CASES DOCKETED

Armour & Co. v. Ott .......................... 20267
Celina (Vil.) v. Pub. Util. Com. ................ 20275
Cleveland (City) v. Roosevelt Bldg. Co. ........ 20264
Ewers v. Indust. Com. ......................... 20270
Fisher, In Re. ................................ 20269
Gradsky v. Ohio Farmers Ins. Co. ............. 20273
Hill v. Micham ............................... 20272
Inter-State Motor Transit Co. v. Pub. U. C....... 20271
Logan Clay Products Co. v. Logan (Citf) ...... 20262
Miller v. Pub. Util. Com. ...................... 20274
Overton v. Kushmeder ......................... 20268
Southern Surety Co. v. Schmidt et ............. 20263
Thorton v. Houck et .......................... 20265

### JAN. 11, 1927

20262—Logan Clay Products Co. v. The City of Logan; motion for Hocking Appeals to certify. M. A. Daugherty, Lancaster, for pltf; Eugene Wright, Logan, for deft.

20263—Southern Surety Co. v. Harry E. Schmidt et; motion for Franklin Appeals to certify. Atkinson, Smith & Hogan, Columbus, for pltf; Barton Griffith & J. A. Connor, for defts.

20264—City of Cleveland v. Roosevelt Hotel Bldg. Co; motion for Cuyahoga Appeals to certify. C. F. Shuler & G. C. McCannaughey, Cleveland, for pltf; Mooney, Hahn, Keough & Loeser, Cleveland, for deft.